### ADKINS et al. v. ADKINS et al.

Court of Appeals of Kentucky.
Sept. 25, 1951.

Francis M. Burke, E. N. Venters and F. D. Burke, all of Pikeville, for appellants.

E. J. Picklesimer, Pikeville, for appellees.

LATIMER, Justice.

We are concerned here with an alleged forged insertion in a deed, asserted to have been made after the deed was executed and delivered but before the recording thereof.

To avoid confusion in the application of the law it is highly important to fix the facts clearly in mind. Four generations of the Adkins have a place in statement of the facts. Spurlock Adkins and his wife, Mary Jane Adkins; their son, Campbell Adkins designated Senior herein; Campbell Adkins' son designated herein Campbell Adkins Jr.; and Spurlock Adkins, infant son of Campbell Adkins Jr.

It appears that Campbell Adkins Sr. married sometime about 1902 at which time his father, Spurlock Adkins, laid off to him a portion of his farm on which Campbell

Adkins built a residence where he continued to live until his death. Apparently other children of Spurlock Adkins had also settled on other portions of the farm. On or about April 17, 1917 Spurlock Adkins and his wife, Mary Jane, executed deeds to portions of their home farm to each of their children excepting J. B. Adkins. These deeds were executed and delivered to these children at the same time and in the presence of each other or at least most of them. At the time the deeds were executed it appears that Campbell Adkins had a number of children among whom was Campbell Adkins Jr., who at the time of the execution and delivery of the deed was eleven years of age. This deed to Campbell Adkins was not recorded until September 12, 1925, a lapse of a little more than eight years.

Campbell Adkins Jr. died intestate January 3, 1949. His father, Campbell Adkins Sr., died intestate March 9, 1949. Campbell Sr's. widow died soon thereafter.

Apparently Garfield Adkins, another son of Campbell Adkins Sr. who afterwards qualified as administrator, had moved into the home of his father and mother prior to their death to care for them. After their death he continued living in this house.

Elizabeth Adkins, widow of the deceased Campbell Adkins Jr., having qualified as guardian of the infant son, Spurlock Adkins, brought this action for herself and infant son seeking possession of the tract of land described in the deed of 1917, claiming ownership thereof through Campbell Adkins Jr., the grantee named in the deed recorded in 1925. Garfield Adkins and Arthur Newsome, who had no interest in the land except as tenant, being in possession of the land, were named defendants.

In addition to general denial, defendants affirmatively pleaded that the deed under which appellants claimed ownership was made to Campbell Adkins and that after the deed had originally been executed and delivered to Campbell Adkins Sr. it had been altered by the addition or insertion of "Jr." after the name Campbell Adkins. They then prayed that the plaintiffs' petition be dismissed.

After general demurrer was sustained to this answer, all of the children and heirs-at-law of Campbell Adkins Sr. filed intervening petition seeking to be made parties to the action, wherein they adopted the allegations of the answer theretofore filed by Garfield Adkins and Arthur Newsome and prayed that they, together with the infant son of Campbell Adkins Jr., be declared owners of the land as heirs of Campbell Adkins Sr. by virtue of the deed.

Appellants pleaded the Statute of Limitations and equitable estoppel as defense to the intervening petition, answer and counterclaim. Appellees then filed amended answer and counterclaim alleging ownership in Campbell Adkins Sr. by virtue of forty years adverse possession of the land.

After considering the evidence the Chancellor held that the addition of "Jr." to Campbell Adkins was a forgery and adjudged the children, including the infant son of Campbell Adkins Jr., to be the owners of the land under the deed to Campbell Adkins Sr.

Appellants are here insisting on reversal for four reasons: (1) The answer, intervening petition and counterclaim of appellees did not state a defense or cause of action; (2) Appellees did not sustain the burden of proof to support a defense to appellants' cause of action or to support a cause of action against appellants; (3) There is no evidence of adverse possession by Campbell Adkins Jr.; (4) The claim of appellees is stale.

It will be noted that the chief question herein concerns the suffix "Jr." which appellees alleged had been inserted in the deed after execution and delivery but before recording. It becomes necessary first to direct our attention to the force and effect of the suffix "Jr.". The general rule seems to be that such suffix is no part of a person's name, but merely a matter of description and temporary designation that may exist one day and cease the next. See Johnson, Assignee v. Ellison, 4 T.B.Mon. 526, 527, 38 Am.Juris., Name, Paragraph 9, page 599, 65 C.J.S., Names, § 5, page 7.

Thus, we see we have a deed good in every respect to Campbell Adkins with

no suggestion of fraud having been perpetrated in the writing, execution or acknowledgment of the deed. It is alleged that the deed was executed and delivered to Campbell Adkins, the Senior, and that he had possession of the land thereafter until the time of his death; that he exercised exclusive control of it, listed for and paid the taxes on it; that at no time was it ever claimed by Campbell Adkins Jr.; and that someone after the execution and delivery of the deed, but before the recording thereof, inserted the suffix "Jr." after the name, Campbell Adkins. Since the suffix "Jr." is not a part of the name, even though it were there originally, on its face it would not certainly and conclusively designate that the deed was executed and delivered either to the father or the son. As far as this record shows there may have been yet another Campbell Adkins known as Senior. This is entirely possible.

Thus it will be seen that the rigid rules appellants seek to apply under the cases of James v. Holdam et al., 142 Ky. 450, 134 S.W. 435; Kentucky West Virginia Gas Co. v. Maynard, 242 Ky. 490, 46 S.W.2d 788, relative to pleading and proof are not bindingly applicable.

It would have been entirely possible to have accepted the deed on its face as having been made to Campbell Adkins Jr. and at the same time have shown conclusively that the grantors intended to and did execute the deed to Campbell Adkins Sr.

Ethel Adkins McCoy, a sister of Campbell Adkins Sr. who was also one of the children of Spurlock Adkins receiving a deed that day, was the only witness testifying who claimed to have seen the deeds. She stated that the children read each other's deeds and that she read the deed executed that day to Campbell Adkins. She stated positively that the suffix "Jr." was not in the deed at that time. She testified about the three other deeds made from the father and mother to the children on that day and that each deed was delivered to the respective child and that the deed in question was delivered to Campbell Adkins Sr. This evidence was undisputed.

Obviously, on the basis of that testimony the court below concluded that the suffix had been inserted in the instrument by some unknown person. The original deed was never produced.

The court no doubt took into consideration all circumstances commencing with the allotment of the portion of the farm by the father to Campbell Adkins at the time of his marriage in 1902; that this father and mother deeded portions of their home place to their several children all on the same day with delivery of deeds made to each of them; that Campbell Adkins Jr. was only a lad, eleven years of age, at the time the deed was executed; and that Campbell Sr. exercised dominion over the place, listing same and paying taxes thereon.

All the above taken together clearly justified the Chancellor in arriving at the conclusion he did.

Thus concluding, it is unnecessary to discuss further reasons urged by appellants. The judgment is affirmed.